PIERINA TURNER, Plaintiff, *v.* ANNA MAY, Defendant.

Supreme Court, Trial Term, Columbia County, January 18, 1952.

*Sydney A. Hellenbrand* for defendant.

*John N. McLaren* for plaintiff.

TAYLOR, J.   This cause was tried by the court without a jury at the November, 1951, Trial Term for Columbia County.

The complaint by its first cause of action seeks the partition of real property allegedly owned by the parties as tenants in common and by its second cause of action the invalidation of certain mortgages thereon owned by the defendant.  The answer puts in issue the material allegations of the complaint, pleads a separate defense and a counterclaim which in substance allege the sole ownership of the premises by the defendant and prays for a decree requiring the plaintiff to execute and deliver the necessary indicia to remove any cloud on the former's title. Admittedly, when the action was commenced the plaintiff was the owner of record of an undivided one-half interest in the premises.  The defendant claims a divestiture of that ownership by plaintiff's conveyance of her interest therein to one Sanders who was defendant's predecessor in title by an unrecorded and unrecordable writing.  The controversy is centered in the legal import of that instrument.  Concededly, if the first cause of action falls, the second thereby becomes academic.  No oral testimony was offered by the parties.  The proof at the trial was wholly documentary in nature and undisputed.

The premises described in the complaint were conveyed by deed dated August 12, 1939, and recorded in the Columbia County Clerk's office on January 16, 1940, by Stephane Bellantoni to John Joseph Ferguson, David Bryce Sanders and the plaintiff. By an instrument dated October 31, 1939, recorded in said clerk's office on February 13, 1940, and conceded to have had the effect of a deed, Ferguson conveyed his interest to Sanders and the plaintiff.  On September 18, 1939, the plaintiff and Sanders executed an agreement of which the following is a copy:

AGREEMENT entered into this 18th day of September, 1939, by and between PIERINA TURNER, hereinafter called Turner, and DAVID BRYCE SANDERS, hereinafter called Sanders.

WHEREAS Turner and Sanders are the sole persons now interested as grantees of a certain farm located in the towns of New Lebanon and Chatham in the County of Columbia, State of New York, pursuant to an escrow agreement dated August 12, 1939, and

WHEREAS said Turner and Sanders will some time in the future receive a deed to said farm wherein shall be conveyed to each of them said property in equal shares, and

WHEREAS said Turner has in the past advanced and given to Sanders the sum of $350.00,

Now, Therefore, in consideration of the mutual promises made herein, it is mutually agreed between the parties hereto as follows:

1: Sanders will repay to Turner the sum of $350, and said sum shall become due and payable from Sanders to Turner on September 18th, 1941. It is expressly understood and agreed between the parties hereto that the said sum shall not be payable nor shall Turner be compelled to accept payment of that sum at any time prior to the 18th day of September, 1941.

2: Upon the repayment of the sum of $350 by Sanders to Turner as is more specifically set forth above in paragraph "1", Turner shall execute and deliver to Sanders a deed conveying any and all of her interest in the said farm.

3: Any modification or alteration of this agreement shall be in writing and subscribed by each of the parties hereto. No modification or alteration of this agreement shall be operative or effective unless so made.

In Witness Whereof, the parties hereto have set their hands and seals.

PIERINA TURNER

PIERINA TURNER

DAVID BRYCE SANDERS.

DAVID BRYCE SANDERS.

Subscribed & Sworn this
18th day of September 1939

(Seal)  Sydney W. Hellenbrand
Notary Public Queens County
Certificate filed in N. Y. Co.
Comm. Expires 3/30/41

The plaintiff on January 17, 1942, subscribed the following holograph:

" New York, January 17, 1942.

I hereby acknowledge receipt of $350. plus interest from David B. Sanders. In accordance with the agreement signed by Mr. Sanders and by me on September 18, 1939 I relinquish all rights and interest in the farm located in New Lebanon and Chatham in the Conty [*sic*] of Columbia.

PIERINA TURNER

(Seal)  HENRY NOCKIN, JR.
N. P.    31    X 3/30/43 "

Sanders by deed dated May 18, 1943, and recorded on June 11, 1943, quitclaimed his interest in the premises to the defendant. By deeds which are not material to the determination of the issues in this action, the defendant transferred the premises to one Kipriano by deed dated June 26, 1943, and recorded November 12, 1943, and reacquired the same by deed from Kipriano to her dated July 19, 1943, and recorded on April 21, 1945.

The presented problem is whether the writing dated January 17, 1942, conveyed the interest which the plaintiff had in the

premises at that time to the defendant's predecessor in title, Sanders. Neither lack of consideration to support it nor fraud in its procurement is urged. Its delivery and acceptance are undisputed. A lay effort, it was destined to inartfulness. It was neither acknowledged nor attested to permit its recordation. As between the parties it need not have been. Only against a subsequent purchaser or incumbrancer, neither of which positions the plaintiff occupied, is an unacknowledged and unattested conveyance ineffectual, until acknowledged or attested. (*Strough* v. *Wilder,* 119 N. Y. 530; *Wood* v. *Chapin,* 13 N. Y. 509; Real Property Law, § 243.) It did not conform to the suggested samples of the statute. Its validity is not thereby impugned. The Legislature has provided for " the use of other forms ". (Real Property Law, § 258.) The usual terms " heirs ", " assigns " or other words of inheritance were omitted. Such are not necessary to convey an estate in fee. (Real Property Law, § 240; *Matter of Tamargo,* 220 N. Y. 225, 230.)

The instrument was in writing and was subscribed by the grantor in the manner required by the Real Property Law. (§ 242.) It contained granting words, to wit: the " relinquishment " of the plaintiff's rights and interest in the premises which it sufficiently described. The intent of the parties that the plaintiff's interest in the premises be conveyed by the instrument to the defendant's grantor seems to me to be clear and manifest from the language which the plaintiff chose. If, however, such language is susceptible of another interpretation — that of a receipt for the payment of $350 as plaintiff contends — the surrounding circumstances which existed when the instrument was executed abundantly disclose that the instrument was intended by the plaintiff to convey whatever rights she had in the premises. Those surrounding circumstances consisted of the agreement to which the instrument itself referred and pursuant to which it was executed, the statements of the plaintiff under oath in a prior action between the parties to the effect that she had conveyed her interest in the premises and her failure after the execution and delivery of the instrument to exercise the control of or dominion over the property which usually attends ownership. Such demonstrations of intent are totally inconsistent with the claim which she now makes that the construction of the instrument should be limited to a receipt for the payment of money instead of a grant of an interest in real property. More than one hundred twenty-five years ago SPENCER, Ch. J., in *Jackson, ex dem. Bond* v. *Root* (18 Johns. 60, 78)

said: " It is a cardinal rule, in the construction of deeds, that the intention of the parties shall prevail, if by law it may." The present statutory canon of construction is substantially a paraphrase of that sentence. (Real Property Law, § 240, subd. 3.)

Giving effect both to the common law and the statutory criteria of construction my conclusion is that prior to the commencement of the action by the instrument dated January 17, 1942, the plaintiff intended to and did convey all her right, title and interest in the premises described in the complaint herein to the defendant's predecessor in title. Hence, she had no standing to institute the action. In coming to this conclusion I have disregarded defendant's exhibits numbered 5, 8 (letter signed " Dave ") and 9 in evidence which are stricken.

The defendant's motion for judgment is granted, with costs. It would seem unnecessary to grant the additional relief which the defendant seeks for the reason that the judgment roll herein will bridge any gap in the record title to the premises.

This is the decision required by section 440 of the Civil Practice Act.

Submit judgment accordingly.