Edward S. Conway, J.
This is a motion by the plaintiff, pursuant to CPLR 3211 (subd [b]) for an order dismissing the affirmative defenses alleged in paragraphs 5, 7, 8 and 9 of the defendant’s answer on the ground they are legally insufficient and have no merit.
The action on which the instant motion is predicated is for a divorce by the plaintiff husband against the defendant wife based upon the parties having lived separate and apart for more than one year after the execution of a separation agreement.
Defendant, in her answer, sets forth certain affirmative defenses that defendant signed her name to a paper while under a severe emotional strain and duress by the plaintiff; that defendant signed said agreement as a result of a fraud committed by plaintiff; that the agreement states that there are no issue of the marriage when, in fact, there is one child of the marriage; that the separation agreement is invalid in that it purports to waive any and all support for the one issue of the marriage.
The statute in question, on which the action is based, is subdivision (6) of section 170 of the Domestic Relations Law, which provides insofar as applicable as follows:
"§ 170. Action for divorce. An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * * (6) The husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed by the parties thereto and acknowledged or proved in the form required to, entitle a deed to be recorded, for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement.”
Even if the written agreement contains a void paragraph (as to issue of the marriage) it still could be used and enforced as "the formal doctrine of separation” upon which a divorce decree may be predicated (Gleason v Gleason, 26 NY2d 28, 37; Seligman v Seligman, 78 Misc 2d 632). Even if the agreement were invalid, which it does not seem to be in the instant case, a reading of the statute indicates that the primary basis for divorce under this section is that the parties "have lived separate and apart” for the prescribed period of time. Thus, it *525 is the physical separation rather than any writing that forms the actual basis for this action.
As with the need for a written memorandum to satisfy the Statute of Frauds, the written agreement serves primarily as a means of preventing fraudulent or collusive claims of separation and so discourages "quickie” divorces. It is reasonable to assume that the legislative intention was to enact nonfault grounds but to guard against concocted claims of separation (Gleason v. Gleason, supra).
Thus, that portion of the statute requiring a writing is "simply intended as evidence of the authenticity and reality of the separation” (Gleason v Gleason, supra, p 35; Harris v Harris, 36 AD2d 594). Here there is no contention that the parties have not lived separate and apart for the prescribed period of time, and the affirmative defenses are not meritorious in an action for divorce based on subdivision (6) of section 170 of the Domestic Relations Law.
The motion of the plaintiff dismissing the enumerated defenses is granted.