Harold Hyman, J.
Plaintiff brings this action for a (conversion) divorce allegedly based upon a separation agreement dated April 27, 1965 which, pursuant to an order of the court made by another Justice thereof, he was permitted to file nunc pro tunc, apparently to comply with subdivision (6) of section 170(5) of the Domestic Relations Law.
Defendant wife now moves for alimony pendente lite, counsel fees and expenses, exclusive occupancy of the marital abode and to consolidate to and with this action another action brought by plaintiff herein against her in the Civil Court of the City of New York for damages and wherein he has demanded a trial by jury.
It is to be noted that in answer to the complaint for a (conversion) divorce the defendant herein has merely interposed denials, but not an unequivocal denial of the alleged separation agreement having been executed by her; nor has defendant interposed any affirmative defense asserting the rescission or repudiation by her of said agreement even though she denies plaintiff’s "substantial performance” thereof. Likewise, defendant does not affirmatively seek to have the agreement declared rescinded or invalidated for any reason.
Primarily, a wife is not entitled to alimony pendente lite or to counsel fees in a divorce action where the existence of a separation agreement entered into by the parties prior to the commencement of the action for all intents and purposes still exists and makes provision for her support. Where the wife makes no unequivocal declaration in her pleading as to her position with regard to the said agreement, the husband cannot be required to pay alimony pendente lite. (Moat v Moat, 27 AD2d 895.)
Also, this motion, by reason of its nature, brings to the forefront the basic issue of the sufficiency of the complaint *1073 and the court’s jurisdiction; by reason of the nature of the complaint, it searches the record. If this court lacks jurisdiction, neither party may be entitled to any relief in this action for a (conversion) divorce. It is thus a basic requirement of the court to determine such issue of whether jurisdiction exists in this court over the subject matter involved and as to the sufficiency of the complaint.
Divorce is a creature of the Legislature and the right thereto is purely statutory (Cavallo v Cavallo, 79 Misc 2d 195; Bishop v Bishop 62 Misc 2d 436), for the State, as sovereign, has the absolute right to regulate marriage and divorce within its own sphere of influence (Gleason v Gleason, 59 Misc 2d 96, revd 32 AD2d 402, revd 26 NY2d 28); and the State may enlarge or restrict the grounds or basis for divorce as it sees fit (Gleason v Gleason, supra).
It is in light of the above that our Legislature enacted more liberal grounds for divorce when it enacted subdivision (6) of section 170 of the Domestic Relations Law, wherein it provided that:
"An action for divorce may be maintained * * * to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds:
"(6) The husband and v/ife has lived separate and apart pursuant to a written agreement of separation, subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded, for a period of one or more years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement. Such agreement shall be filed in the office of the clerk of the county wherein either party resides.” (Emphasis supplied.)
It is the opinion of this court that the Legislature intended a form of "no fault” divorce (Schine v Schine, 31 NY2d 113), but only upon due compliance with the statutory jurisdictional requirements for its obtainment; that one of the basic jurisdictional requirements, as thus provided, is that the separation agreement be acknowledged or proved in the form required to entitle a deed to be recorded”. (Emphasis supplied.)
The directive is clear and unequivocal. Certainly the Legislature had other options open to it, but it did not accept or use such other options. Had the Legislature intended a mere signed or subscribed agreement, it would have been simple *1074 merely to provide so, or at least not to have mandated that it be "acknowledged or proved in the form required to entitle a deed to be recorded”. (Emphasis supplied.)
Could the agreement in question herein be recorded? This court holds that it could not.
Section 291 of the Real Property Law provides that: "A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter * * * may be recorded”.
The courts have held that a document purporting to be or to grant conveyance rights which is not acknowledged cannot be recorded as a conveyance. (Newpar Estates v Barilla, 4 AD2d 186, mot for lv to app granted 4 AD2d 830; People ex rel. Oaklawn Corp. v Donegan, 226 NY 84; Rogers v Pell, 154 NY 518.) In Sobel v Wolf (216 NYS2d 132) the defendant had interposed a counterclaim seeking to expunge a mortgage which had been previously recorded but which had not been acknowledged when thus recorded; the court held such counterclaim to be sufficient since it appeared that the signature on the instrument had not been acknowledged to a notary public and therefore said instrument had been improperly recorded.
Yet section 291 of the Real Property Law also speaks alternatively regarding "acknowledgment”, providing another way instead of the party’s own acknowledgment, stating "or proved as required by this chapter”. (Emphasis added.) The question of what the Legislature meant by such alternative proof is contained in section 292 of article 9 of the Real Property Law, which provides: "Except as otherwise provided by this article, such acknowledgment can be made only by the person who executed the conveyance, and such proof can be made only by some other person, who was a witness of its execution, and at the same time subscribed his name to the conveyance as a witness. ”(Emphasis supplied.)
In speaking of what is meant by the Legislature as an "acknowledgment”, it has been held to mean both the act and the written evidence thereof made by the parties to, and by the officer to whom such party has acknowledged making, subscribing and executing said instrument, of having duly done so; for the instrument is not "duly acknowledged” unless there is not only the oral acknowledgment by the party but the written certification thereof of the officer entitled to take such acknowledgment. (Rogers v Pell, supra.) Even such offi *1075 cer’s right is a restricted one; he must not take the signature unless he knows or has satisfactory evidence that the person making such acknowledgment to him is the person described in and who executed such instrument. (Real Property Law, §§ 303, 306; see, also, as to a "witness,” § 304.)
The court is not unmindful of the decision of the learned court in Matter of La Barge v La Barge (84 Misc 2d 523, 524) but must respectfully, nevertheless, disagree with the dicta therein contained, stating that, "Even if the agreement were invalid * * * a reading of the statute indicates that the primary basis for divorce under this section [Domestic Relations Law, § 170, subd (6)] is that the parties 'have lived separate and apart’ for the prescribed period of time”.
Primarily, it is observed that this is not an action for a (conversion) divorce based upon a prior decree or judgment of separation as were Gleason v Gleason (26 NY2d 28, supra) and Harris v Harris (36 AD 2d 594) wherein the applications were made pursuant to subdivision (5) of section 170 of the Domestic Relations Law. Rather, it is the opinion of this court that had the Legislature so intended that there be virtual identity of the two statutes involved, it was simple for it to so state. The fact that the Legislature prescribed that the (conversion) divorce under subdivision (6) of section 170 of the Domestic Relations Law required different conditions precedent as to it as against that prescribed by subdivision (5) of section 170 of the Domestic Relations Law, that is, "a written separation agreement”, "subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded” (emphasis added) definitively indicates that the Legislature was not merely concerned with whether the parties have lived separate and apart for the prescribed period of time. It is, in this court’s opinion, unequivocally indicated by said statute that the Legislature was also definitively concerned with there being a "written agreement of separation”, "subscribed by the parties”, and "acknowledged or proved * * * to entitle a deed to be recorded”. To hold that requirements be less than such as legislatively prescribed is to legislate, a right or power reserved to the Legislature which the court does not have, nor should it assume such prerogative.
It is true that as to the parties themselves, the instrument as a "separation agreement” may be effective without any acknowledgment (Turner v May, 202 Misc 320), and may be *1076 the proper basis for other action, but not one for a (conversion) divorce where it has not complied with the legislative mandate for it to constitute a basis for divorce.
True it is that a motion had been made by plaintiff in this action at a time when he was defendant in a prior action (No. 260/1970) for an order permitting the filing of said agreement nunc pro tunc, to deem said 1965 separation agreement to have been acknowledged, and to direct the Clerk of the County of Queens to permit the filing of said separation agreement, and that there was no opposition made to said motion. But it is to be noted that all said court considered said motion to be was one "by defendant to permit filing of the separation agreement nunc pro tunc” and nothing else; the court emphasized the foregoing in its preliminary statement as to what it was considering and limited it merely to the "filing nunc pro tunc”; it made no determination as to any other relief sought by said movant. Therefore, when that court granted the motion "without opposition” its decision was thus apparently limited solely and only to the "filing” request and nothing else, knowing full well that it could not deem a physically unacknowledged instrument to be "deemed acknowledged” so as to become the basis of a recording — particularly as a "deed”.
Under all of the circumstances aforestated, this court finds that the court has no jurisdiction to entertain the action and that the complaint lacks sufficiency to give the court jurisdiction and it is hereby dismissed without costs.
As previously indicated, the defendant’s motion must also be denied.