OPINION OF THE COURT
Arthur E. Blyn, J.
Defendant in Action No. 1 moves to dismiss the complaint therein and for summary judgment in her favor on the grounds of lack of subject matter jurisdiction and that the action has no merit.
There is no dispute that the parties entered into a written separation agreement dated December 7, 1976 and that a memorandum thereof was filed with the county clerk on December 9, 1976. The issue presented is whether or not the agreement was executed with the requisite formalities of the statute (Domestic Relations Law, § 170, subd [6]).
On the execution page thereof, numbered 13, is the signature of a witness, one Margaret Garland. On the page that follows, which is unnumbered, are defective verifications by each party; defective in that only the signature of the notary public, who also was the attorney for both parties and draftsperson of the agreement, appears in each verification.
The statute provides that the agreement must be "subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded” (emphasis added). On its face, the agreement was not acknowledged. Defendant’s annexation of an affidavit by the attorney-notary to the effect that oral acknowledgments were given at execution but inadvertently not reduced to writing cannot cure the omission. (Rogers v Pell, 154 NY 518.)
However, inasmuch as there was a subscribing witness to the execution, proof could be submitted in the form of an affidavit by that witness so as to conform to the requirements of recording a deed (Real Property Law, §§ 292, 304). An affidavit by that witness has been submitted to the court. There appears to be no time requirement as to when such proof need be taken. In Cicerale v Cicerale (85 Misc 2d 1071, affd 54 AD2d 921), relied upon by the plaintiff husband, there is no indication that there was a subscribing witness to the agreement and is therefore factually dissimilar to the case at bar.
For the foregoing reasons, the motion is denied.