■ SUE V. ANGELOFF, Appellant, v CARL N. ANGELOFF, Respondent. — Orders and judgment unanimously affirmed, without costs. Memorandum: The parties were married November 14, 1954 and have no children. On December 21, 1979 they entered into a written separation agreement, a proper memorandum of which was filed in the office of the clerk of the county (Domestic Relations Law, § 170, subd [6]). It is undisputed that the parties have lived separate and apart since the execution of the agreement, and that there has been substantial compliance with its terms and conditions. Plaintiff wife commenced this action by summons dated September 29, 1980. Among the nine causes of action stated in her lengthy complaint, plaintiff seeks a judgment of divorce on the ground of cruel and inhuman treatment by defendant; a judgment of divorce on the ground of adultery; and a rescission of the separation agreement based upon allegations it was procured by fraud, misrepresentation and concealment, coercion and duress, without consideration, is violative of public policy and is unconscionable. Defendant responded by verified answer and counterclaim dated February 27, 1981. Among the counterclaims sought by defendant was one for divorce on the ground that the parties have lived apart for at least one year pursuant to a separation agreement (Domestic Relations Law, § 170, subd [6]). By notice of motion dated April 23, 1981 plaintiff sought, among other things, an order reserving her rights to counsel fees pursuant to section 237 of the Domestic Relations Law and a total of $7,000 for an appraisal and accountant's evaluation of certain financial interests of defendant. Defendant, by notice of motion dated

April 29, 1981, requested, among other things, partial summary judgment granting him a judgment of divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law. Special Term issued an order and decision in which it granted defendant's motion for partial summary judgment, granting him a conversion divorce, and denied the motions of plaintiff. Plaintiff then sought, by order to show cause, to reargue the granting of the conversion divorce and to stay the entry of any order or judgment based upon the decision; in a second order Special Term declined to alter the first order and denied the application for a stay. It is from these two orders that plaintiff appeals. The established rule is that, if a separation agreement conforms to subdivision (6) of section 170 of the Domestic Relations Law, but substantial provisions are found to be void and unenforceable, "it may still be accepted for the sole purpose of evidencing the parties' agreement to live separate and apart, thus satisfying the statutory requirement in respect to a separation agreement" (*Christian v Christian*, 42 NY2d 63, 70). Plaintiff unsuccessfully attempts to avoid application of this rule by claiming her challenge is to the validity of the entire agreement, not just substantial portions. The foundation for allowing potentially unenforceable separation agreements to satisfy the statutory conversion divorce requirements lies not in the content or substantiality of the provisions, but in the fact that the agreement is intended to serve as evidence of the authenticity and reality of the separation; it is this physical separation, rather than the writing, which constitutes the basis of the cause (*Christian v Christian, supra*, p 70). Even if rescission of the agreement was found to be warranted, it would still retain its vitality as providing evidence of the primary basis for a conversion divorce (see *Picotte v Picotte*, 82 AD2d 983, mot for lv to app dsmd 55 NY2d 605; *La Barge v La Barge*, 84 Misc 2d 523). This result is supported by the fact that those portions of the agreement plaintiff specifically complains of as resulting from defendant's fraud, coercion, etc., are financial in nature, and no claim is made that the separation itself resulted from his alleged misconduct. Furthermore, plaintiff is as desirous as defendant to terminate this marriage, albeit on grounds other than conversion; it would be inappropriate to prolong this dead marriage solely for the purpose of enabling the parties to "vent their spleen" against each other (*Spielvogel v Spielvogel*, 78 AD2d 795). Finally, plaintiff has not demonstrated any abuse of the court's discretionary authority in failing to award her attorney's fees (Domestic Relations Law, § 237) or in denying her request for appraisal and accountant's fees. (Appeal from orders and judgment of Supreme Court, Monroe County, Tillman, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.