OPINION OF THE COURT
Martin B. Stecher, J.
This is an action for divorce alleging the defendant husband’s cruel and inhuman treatment of the plaintiff. Plaintiff seeks summary judgment dismissing defendant’s first and second counterclaims and second and third affirmative defenses.
Defendant’s first counterclaim/third affirmative defense is based on plaintiff’s alleged abandonment of defendant in July, 1978. It is undisputed that on April 4,1978, while the parties resided in New Jersey, they signed an agreement which, among other things, stated that they would live separate and apart from one another. The agreement apparently executed in New Jersey does not conform to the formalization requirements of subdivision (6) of section 170 of the Domestic Relations Law.
An essential element of a claim for divorce because of abandonment is that it occurred without the consent of the *563 other spouse (Belandres v Belandres, 58 AD2d 63). That consent need not be in the form of a separation agreement, executed as described in subdivision (6) of section 170; it is sufficient that consent to departure be manifest in order to defeat a claim of abandonment. Here defendant acknowledges that he signed the agreement consenting to the parties’ separate residence thus defeating any counterclaim of abandonment. (Plaintiff alleges that she was forced to sign the agreement without the assistance of counsel although, in the agreement, she acknowledges the contrary to be true.) Moreover, there are no statutory defenses to an action for divorce on the grounds of cruel and inhuman treatment (Rossouw v Rossouw, 70 AD2d 910). Defendant’s first counterclaim/third affirmative defense is dismissed.
Defendant’s second counterclaim seeks a divorce on the basis of the agreement signed by the parties on April 4, 1978. However, as noted, that agreement does not conform to the requirements of subdivision (6) of section 170 of the Domestic Relations Law. It was not acknowledged in the form required to record a deed, nor has it been filed in the office of the county clerk. Such an agreement, effective though it may be for other purposes, cannot be the basis for a conversion divorce under subdivision (6) of section 170 (Cicerale v Cicerale, 85 Misc 2d 1071, affd 54 AD2d 921).
The sufficiency of the separation agreement is not without its complexities. At the time the agreement was signed, as indicated above, both of the parties were residents of the State of New Jersey and probably signed the agreement in New Jersey. There is little doubt that it is a formal document prepared by an attorney. Although the draftsman provided spaces for the attestations of the witnesses (see Londin v Londin, 100 Misc 2d 965) there is, on the copy presented to me, no attesting witness and, of course, no acknowledgement is offered. I am not unmindful of the decision of Mr. Justice Conway in La Barge v La Barge (84 Misc 2d 523) who, although not dealing with a question of acknowledgement, finds that the purposes of the acknowledgement are similar to the purpose of the Statute of Frauds, that is, to prevent (p 525) “fraudulent or collusive claims of separation”. In the subsequent case of Cicerale v *564 Cicerale (supra), affirmed in the opinion of Mr. Justice Hyman (54 AD2d 921), it has been expressly held that the failure to execute the separation agreement in a manner which would permit a deed for the transfer of real property to be recorded is fatal to a separation agreement as a predicate for a conversion divorce.
It may be argued that the effect of Christian v Christian (42 NY2d 63) (which took cognizance of the distinction between La Barge, supra, and Cicerale, supra, without resolving the disagreement) reflects a lessening of the need to comply with the statute in order to obtain a divorce; that all that need be shown under the agreement is the separation itself, Christian (supra) does not stand for such a proposition. Thus, in Berman v Berman (72 AD2d 425, affd 52 NY2d 723) it was held that the failure of the plaintiff to comply with the terms of the agreement during the year following its execution was sufficient to deny him a conversion divorce.
There have been many judicial variances on the theme of subdivision (6) of section 170, such as the sufficiency of an acknowledged agreement, which do not appear to have been recorded. Littlejohns v Littlejohns (76 Misc 2d 82, affd without opn 42 AD2d 957) and Martin v Martin (63 Misc 2d 530) in which a stipulation made in court on the record in a habeas corpus writ proceeding pursuant to which the parties agreed to live separate and apart was held to be a sufficient basis for a conversion divorce under subdivision (6) of section 170 of the Domestic Relations Law.
Here, the variant which is not explored by counsel is the fact of the residence of the parties at the time of the execution of the contract. New Jersey does not have a conversion divorce statute. Its nearest statutory provision is the right of the party to procure a divorce by virtue of the parties’ separation for “at least 18 or more consecutive months and there is no reasonable prospect of reconciliation” (NJ Stats Ann, tit 2A, § 2A:34-2, subd d). It cannot be said that this agreement conforms to the requirements of New Jersey law for New Jersey law has no requirement for an agreement. Certainly, the parties’ relations would be sufficient under New Jersey law to warrant a divorce. But the fact that grounds may exist in one State does not create *565 different grounds in another State for the entry of judgment of divorce.
Although it is not clear from the papers, it does appear that the defendant continues to be a resident of the State of New Jersey. Under such circumstances, it is not at all clear that the parties must remain married despite the express public policy of both New York and New Jersey to terminate dead marriages. It is entirely possible that Mrs. Littman will establish a cause of action for cruel and inhuman conduct under New York law in which event the court which shall determine the issues may very well adopt the parties’ own agreement. Similarly, if Mrs. Littman is unsuccessful in her divorce action, it is entirely possible that Mr. Littman can bring an action in his own State of residence under the above-cited section of the New Jersey law. Here, however, there is no basis for a conversion divorce and accordingly, the defendant’s second counterclaim is dismissed.
Defendant’s second affirmative defense merely sets forth his denial of plaintiff’s allegations of cruel and inhuman treatment. There are no statutory defenses to a cause of action based on cruel and inhuman treatment (Rossouw v Rossouw, 70 AD2d 910, supra). Thus, no defense is stated in defendant’s second affirmative defense and it is dismissed.