■ THOMAS J. FITZGIBBON, Appellant, v MARIA H. FITZGIB-BON, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered April 21, 1988, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Kaiser, J.H.O.), entered July 20, 1988, which denied his application for an equitable distribution of the increase in value of the marital residence.

Ordered that the order is affirmed, with costs.

We find unpersuasive the plaintiff's contention that he is entitled to an equitable distribution of the appreciation in the value of the marital residence. It is undisputed that the residence itself is the separate property of the defendant wife. Domestic Relations Law § 236 (B) (1) (d) (3) defines "separate property" in relevant part as "the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse." Hence, in order to obtain equitable distribution of the appreciation in value of the marital residence, the plaintiff was required to demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his efforts. The plaintiff failed to sustain this burden, and the testimony of the defendant, a real estate professional, indicated that the appreciation in the value of the property simply reflected a "general upturn in the real estate market" *(Lisetza v Lisetza,* 135 AD2d 20, 24). Accordingly, the plaintiff failed to establish that the appreciation in value of the residence constituted marital property subject to equitable distribution, and we discern no basis for disturbing the Judicial Hearing Officer's determination that the increase in value was attributable to market forces *(see, Mahlab v Mahlab,* 143 AD2d 116; *Lisetza v Lisetza, supra; Romano v Romano,* 133 AD2d 680; *Barnes v Barnes,* 106 AD2d 535). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.