■ ELLEN ELMALEH, Respondent, v STANLEY ELMALEH, Appellant.—In action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered April 13, 1990, which, *inter alia,* determined that (1) the husband was not entitled to a share of the appreciation in value of certain separate property owned by the plaintiff wife, (2) the wife was entitled to 79.79% and the husband entitled to 20.21% of the proceeds of the sale of commercial real property located at 1449 Temple Street in Los Angeles, California, (3) the husband's retirement trust account was to be divided equally between the parties, and (4) the plaintiff wife was entitled to one-half of certain partnership interests.

Ordered that the judgment is modified, on the law, by deleting the ninth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination in accordance herewith.

The award to the plaintiff of 50% of the value of the husband's retirement plan trust is supported by the record. However, we find that the trial court erred in valuing this asset as of November 1988. A retirement trust constitutes marital property only to the extent that the corpus thereof accumulates during the marriage and prior to the commencement of the divorce action (see, Domestic Relations Law § 236 [B] [1] [c]; *Majauskas v Majauskas*, 61 NY2d 481; *Marcus v Marcus*, 137 AD2d 131, 138). In awarding the wife a share in the trust's value as of November 1988 the court improperly distributed contributions to the trust which were made after July 17, 1987, the date of the commencement of the instant matrimonial action. Those contributions constituted separate rather than marital property (see, *Marcus v Marcus, supra*, at 138). However, since the record is unclear as to what the husband's tax consequences will be if the fund is valued as of the date of the commencement of the action, the matter is remitted to the Supreme Court, Nassau County, for a new computation of the amount of the trust to be paid to the wife by the husband.

We find unpersuasive the husband's contention that he is entitled to equitable distribution of the appreciation of the wife's interest in certain separate properties the wife owned in equal shares with her sisters and which the husband managed full time from 1960 until 1979. Domestic Relations Law § 236 (B) (1) (d) (3) defines "separate property" in relevant part as "the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse". Hence, in order to obtain equitable distribution of the appreciation in value of the wife's interest in the properties, the husband was required to demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his efforts (see, *Fitzgibbon v Fitzgibbon*, 161 AD2d 619; *Shahidi v Shahidi*, 129 AD2d 627, 630; *Price v Price*, 113 AD2d 299, 306, *affd* 69 NY2d 8). The husband failed to sustain this burden, and the testimony adduced at trial established that the appreciation was caused by an upturn in the real estate market (see, *Fitzgibbon v Fitzgibbon, supra*; *Shahidi v Shahidi, supra*, at 630; *Price v Price, supra*, at 306). Accordingly, the husband failed to establish that the appreciation constituted marital property subject to equitable distribution, and we discern no basis for disturbing the Judicial Hearing Officer's determination that the increase in value was

attributable to market forces *(see, Smith v Smith,* 154 AD2d 365; *Mahlab v Mahlab,* 143 AD2d 116, 117).

The court properly determined that the wife was entitled to one-half of the partnership interests which the husband acquired during the marriage *(see, Stempler v Stempler,* 143 AD2d 410, 412). The husband's share of those interests was marital property even though the potential value thereof was contingent on certain factors beyond his control *(see, Stempler v Stempler, supra,* at 412). Since the values of the partnership interests could not be established at the time of the trial, we find that the court properly exercised its discretion in directing the husband to transfer a one-half share thereof to the wife.

We also find that the court properly awarded the wife 79.79% and the husband 20.21% of the proceeds of the sale of certain real property owned by the parties in Los Angeles, California (hereinafter the L.A. property). In a letter written to the wife in 1979, the husband admitted that these percentages correctly represented their ownership interests. Although Domestic Relations Law § 236 (B) (3) provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded", the foregoing provision does not affect the validity of any agreement made before July 19, 1980, the effective date of the statute (Domestic Relations Law § 236 [B] [3]). Thus, we agree with the trial court that, although the letter was not signed by the wife, it was admissible to establish the percentages of the L.A. property owned by the parties *(see generally, Littman v Littman,* 116 Misc 2d 562; *Cicerale v Cicerale,* 85 Misc 2d 1071, *affd* 54 AD2d 921; *see also,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:12, at 229). Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.