■ CHRISTINA M. NOWIK, Appellant, v ADAM P. NOWIK, JR., Respondent. [643 NYS2d 223]

During their marriage, the parties resided in a residence which had been purchased by the wife three years prior to the marriage. The husband made various improvements to the wife's separate property, which included converting a garage into a "bar room", doing electrical work throughout the house, and laying a concrete walkway. The Supreme Court determined that the property appreciated in value by $9,000 due to these improvements and awarded the husband a judgment for two-thirds of that amount, or $6,000.

Although the appreciation in value of separate property due, in part, to the contributions of the nontitled spouse is subject to equitable distribution (*see, Price v Price,* 69 NY2d 8; Domestic Relations Law § 236 [B] [1] [d] [3]), we agree with the wife that the evidence in the record does not support an award to the husband on the theory that he contributed to an appreciation in value of her property. No evidence of the value of the property was offered by the husband from which it could be determined that the property had appreciated in value during the marriage. Moreover, in order to obtain equitable distribution of any appreciation in value of the wife's property, the husband was required "to demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his efforts" (*Elmaleh v Elmaleh,* 184 AD2d 544, 545; *Fitzgibbon v Fitzgibbon,* 161 AD2d 619). The husband failed to meet his burden of proof.

We conclude, however, that the husband was entitled to a credit for the value of his contributions of labor and expenditures for the improvements on the wife's property (*see, e.g.,*

*Garges v Garges,* 175 AD2d 511; *Seeley v Seeley,* 135 AD2d 703; *Lisetza v Lisetza,* 135 AD2d 20). In light of the husband's testimony, which was not objected to and which was largely uncontradicted, the court's determination was reasonable that the value of his labor and expenditures exceeded $9,000. Accordingly, in the absence of a cross appeal by the husband, the judgment for the sum of $6,000 is affirmed. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.