■ MARIE PULICE, Respondent, v BENNIE PULICE, Appellant. [661 NYS2d 675] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Radin, J.H.O.), dated May 1, 1996, which, after a nonjury trial, *inter alia*, (1) awarded the wife $860 a month in permanent maintenance, (2) directed the husband to pay to the wife the sum of $71,885, representing the wife's share of his pension benefits, and (3) awarded the wife 50% of the appreciation in value of certain separate property owned by the husband.

Ordered that the judgment is modified by deleting the 24th decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

"It is by now well settled that under the Equitable Distribution Law, an increase in the value of separate property of one spouse during the marriage, which is due in part to the indirect contributions or efforts of the other spouse as homemaker and

parent, should be considered marital property" (*Feldman v Feldman*, 194 AD2d 207, 217). In order for the wife to be entitled to a share of the appreciation in value of the husband's interest in certain separate property he owned with his sister, she had to show the manner in which her contributions resulted in the increase in value and the amount of the increase that was attributable to her efforts (*see, Elmaleh v Elmaleh*, 184 AD2d 544, 545). The wife did not present any evidence of the value of the property at the time the property was gifted to the husband. Therefore, there is no way to determine how much the property had appreciated (*see, Nowik v Nowik*, 228 AD2d 421). Accordingly the Supreme Court erred in awarding the wife a share of the appreciation in value of this property.

The husband's remaining contentions are without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.