■ BARBARA L. WURTZEL, Appellant, v SAMUEL L. WURTZEL, Respondent. [671 NYS2d 143] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 4, 1997, as conditioned the granting of her motion for leave to sell the marital residence upon her placing $200,000 of the sale proceeds into escrow.

Ordered that the order is affirmed insofar as appealed from, with costs.

The marital residence was acquired by the plaintiff prior to the parties' marriage, and title was solely in her name throughout the marriage. An appraisal obtained by the defendant indicated that at the time of the marriage in 1984 the property was worth $300,000. In early 1997 the plaintiff entered into a contract to sell the property to a third party for $550,000. Since the court had previously issued a temporary restraining order restraining the parties from transferring any marital asset, and since the defendant was claiming that at least the appreciation in value constituted marital property, the plaintiff applied to the court for permission to sell the premises. The court granted the motion on the condition that the plaintiff place $200,000 from the sale proceeds into escrow.

It is well settled that an increase in the value of separate property of one spouse during the marriage, which is due in part to the direct or indirect contributions or efforts of the other spouse, may be considered marital property (see, *Price v Price,* 69 NY2d 8; *Pulice v Pulice,* 242 AD2d 527; *Nowik v Nowik,* 228 AD2d 421). Here, there are questions as to the defendant's contributions and efforts, either direct or indirect, toward the increased value, not only of the subject premises, but also of other interests held by the plaintiff.

Accordingly, under the circumstances, it was not an improvident exercise of discretion to require the $200,000 to be placed into escrow as a condition of the sale (see, *Nebot v Nebot,* 139 AD2d 635), particularly in light of the fact that it is the only liquid asset of the parties out of which any distributive award can be made, and that the plaintiff has resisted financial disclosure. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.