■ NORA A. RYAN, Respondent, v JOHN J. RYAN, Appellant. —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Richmond County (McBrien, J.), dated July 11, 1984, as (1) awarded the plaintiff wife a one-half share of the proceeds of the future sale of the marital home; (2) granted the plaintiff exclusive occupancy of the marital home until such time as either (a) the youngest of the parties' children attains the age of 21 years, (b) the plaintiff remarries, or (c) the plaintiff resides with a male nonrelative; (3) directed the defendant to pay the plaintiff $50 per week for her maintenance until such time as either (a) he is no longer obligated to pay child support, (b) the plaintiff remarries, (c) the plaintiff resides

with a male nonrelative, or (d) the marital home is sold; (4) directed the defendant to pay $75 per week for the support of each of the two unemancipated children of the marriage until such time as they attain the age of 21 years or become sooner emancipated; (5) award the plaintiff equitable distribution of certain proceeds of the sale of certain marital real property located in Toms River, New Jersey; (6) directed the defendant to pay the plaintiff $260 per month from his pension, commencing at such time as he begins to collect said pension; and (7) denied his application for counsel fees.

Justice Mangano has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on October 1, 1960, and immediately moved into the marital residence at 447 O'Gorman Avenue in Staten Island. After their engagement, but before marriage, they began looking for a suitable home. In March 1960 they chose the O'Gorman Avenue property. From their salaries, both parties had been saving toward the purchase of a house. In May 1960 the plaintiff withdrew $1,600 and gave it to the defendant to be applied to the deposit on the house. The purchase price of the marital home was $21,900.

The closing took place on September 2, 1960, only 29 days before the marriage. Because the plaintiff was unable to appear at the closing due to her employment commitments, only the defendant attended. Therefore, title in what was to become the marital residence was in only the defendant's name, and remained only in his name throughout the marriage.

Immediately after the closing, in the month preceding their marriage, the parties began decorating and furnishing the house. Among other improvements, the plaintiff painted the interior. Their joint account provided the funds for the mortgage payments and other household-related expenses. After the plaintiff became pregnant with the couple's first child, she terminated her employment outside the home. For the next 17 years she concentrated her efforts on being a homemaker and parent to the parties' four children.

By summons and complaint dated May 6, 1983, the plaintiff commenced this divorce action on the ground of abandonment and sought, *inter alia,* equitable distribution of the marital residence. The defendant's answer contained a counterclaim demanding a divorce on the ground of the plaintiff's cruel and

inhuman treatment. Special Term granted a divorce to the husband on that ground. The court then determined that the marital residence should be regarded as marital property even though title was only in the defendant's name prior to the parties' marriage, and ordered that the proceeds from the future sale of the house be distributed equally between them.

Marital property is defined by statute as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]). Because the marital home was purchased before the marriage, the defendant contends that the home was incorrectly determined to be marital property and that, therefore, the plaintiff was not entitled to equitable distribution of it. However, the statute's exception for separate property is narrowly written and expressly excludes from separate property the increase in its value as a result of "such appreciation [as] is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]). Moreover, in determining the equitable distribution of the marital property resulting from such appreciation, the court must consider "any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party" (Domestic Relations Law § 236 [B] [5] [d] [6]; see, Majauskas v Majauskas, 61 NY2d 481, 489-490).

In the case at bar, the record clearly demonstrates that the plaintiff substantially contributed to the acquisition of the marital home, and that the appreciation in its value was due, in part, to her contributions and efforts. Accordingly, considering the circumstances of this case and of the respective parties (see, Domestic Relations Law § 236 [B] [5] [c]), including the 22-year duration of the marriage (see, Bisca v Bisca, 108 AD2d 773, appeal dismissed 66 NY2d 741), Special Term properly determined that, upon the future sale of the marital residence, the proceeds derived therefrom should be distributed equally between the parties.

The remaining contentions of the defendant have been considered and have been found to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.