*11 OPINION OF THE COURT
Hancock, Jr., J.
We hold that under the Equitable Distribution Law an increase in the value of separate property of one spouse, occurring during the marriage and prior to the commencement of matrimonial proceedings, which is due in part to the indirect contributions or efforts of the other spouse as homemaker and parent, should be considered marital property (Domestic Relations Law § 236 [B] [1] [d] [3]). Under the statute there are two categories of property: marital property which is subject to equitable distribution and separate property which is not (Domestic Relations Law § 236 [B] [1] [c], [d]). Marital property is broadly defined as "all property acquired by either or both spouses during the marriage” (Domestic Relations Law § 236 [B] [1] [c]). Separate property, which is specifically described as an exception to marital property, includes property "acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse” (Domestic Relations Law § 236 [B] [1] [d] [1]). Separate property also includes "property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse” (Domestic Relations Law § 236 [B] [1] [d] [3]; emphasis supplied).
The narrow question of statutory construction before us is whether the terms "contributions or efforts”, contained in the italicized phrase quoted above, are intended to incorporate contributions or efforts of the other spouse as homemaker and parent. Because we hold that increases in value due in part to such efforts or contributions are to be considered under section 236 (B) (1) (d) (3), such increases are excepted from separate property and treated as marital property available *12 for equitable distribution by the court pursuant to Domestic Relations Law § 236 (B) (5).
I
The instant action, commenced in 1981, culminated in a judgment of divorce in April 1984. At issue is the treatment to be given under section 236 (B) (1) (d) (3) to defendant’s ownership interest in the Unity Stove Company (Unity), a family business engaged in the wholesale supply of kitchen parts and appliances. Defendant commenced his association with Unity several years before the parties were married in 1969. He acquired 25% of the outstanding stock of Unity by . gift from his father in 1957 and another 25% by gift in 1972. After commencement of the divorce action but prior to the divorce judgment, defendant became sole owner of Unity when the outstanding shares of the corporation were redeemed. He also became the owner of a corporation which holds title to the real estate holdings of Unity.
Before the marriage plaintiff was employed as a registered nurse at Mount Sinai Hospital. After the marriage, for a period of six months, she worked full time at Unity and, for the next six months, part time as a private duty nurse. When the first of the parties’ two children was born in 1972, plaintiff gave up her outside employment in order to devote her efforts to being a homemaker and parent. There is evidence that during the marriage she attended conventions with her husband and assisted him as hostess at various business-related social events.
Following trial of the divorce action, Supreme Court found that defendant’s interests in Unity and the related company constituted "separate property” since plaintiff had acquired these stock interests as gifts (see, Domestic Relations Law § 236 [B] [1] [d]). The court rejected plaintiff’s contention that the appreciation in value of defendant’s separate property should be treated as marital property to the extent that any such increase was due, in part, to her contributions and efforts (Domestic Relations Law § 236 [B] [1] [d] [3]). It found that whatever direct contributions she may have made to Unity were "minimal and inconsequential” and that her indirect contributions were "likewise insignificant”.
In a comprehensive opinion, the Appellate Division unanimously modified on the law and the facts (113 AD2d 299), concluding that plaintiff’s indirect contributions as a home *13 maker and mother, as well as her direct contributions to the business, "however minimal”, could warrant an award of a percentage of the appreciation of defendant’s separate holdings in Unity and the related company (Domestic Relations Law § 236 [B] [1] [d] [3]; § 236 [B] [5]). Accordingly, the Appellate Division remitted the matter to Supreme Court to determine the extent of the appreciation, if any, in defendant’s separate property and the amount "of such appreciation to which plaintiff is entitled by virtue of her direct and indirect contributions.”
Following its determination, the Appellate Division denied the parties’ reciprocal motions for reargument and granted defendant’s motion for leave to appeal to this court pursuant to CPLR 5602 (b). It has certified the following question to us: "Whether a nontitled spouse’s 'contributions or efforts’ (Domestic Relations Law § 236 [B] [1] [d] [3]) as homemaker and parent are entitled to recognition by the court in awarding said spouse a share of the appreciated value of the titled spouses separate property which occurred during the parties’ marriage”.[1]
For reasons which will appear, the question should be answered in the affirmative and the order of the Appellate Division affirmed.
II
In construing Domestic Relations Law § 236 (B) (1) (d) (3) and determining whether the Legislature intended that efforts of the nontitled spouse as homemaker and parent should be included, we must, of course, look to the particular words for their meaning, both as they are used in the section and in their context as part of the entire statute. But we must also look beyond the statutory language and consider the history leading to the adoption of the Equitable Distribution Law and the legislative purpose and policy considerations underlying this radical change in the Domestic Relations Law (L 1980, ch 281, § 9) (see, Ferres v City of New Rochelle, 68 NY2d 446, 451; *14 New York State Bankers Assn. v Albright, 38 NY2d 430, 434, 436, 437; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 91, 92, 96, 124). For it is fundamental that in "the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle” (People v Ryan, 274 NY 149, 152; see, Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38).
As background for an analysis of the statute, it is helpful to review the policy considerations leading to the enactment of the Equitable Distribution Law and to restate the main purpose of the legislation. The major reform accomplished by the law was a radical alteration of the traditional method of distributing property on dissolution of marriage. As we explained in O'Brien v O’Brien (66 NY2d 576, 585), the Legislature replaced the existing system of distribution, which depended on the common-law rules of property and had led to unfair results, "with equitable distribution of marital property, an entirely new theory which considered all the circumstances of the case and of the respective parties to the marriage (Assembly Memorandum, 1980 NY Legis Ann, at 129-130). Equitable distribution was based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker” (id., at p 585 [emphasis added]; see, Governor’s Memorandum of Approval, 1980 McKinney’s Session Laws of NY, at 1863; Assembly Memorandum, 1980 NY Legis Ann, at 129-130). The Equitable Distribution Law reflects an awareness that the economic success of the partnership depends "not only upon the respective financial contributions of the partners, but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home (see, Governor’s Memorandum, McKinney’s Session Laws of NY, 1980, p 1863; see, also, Litman v Litman, 93 AD2d 695, 696, app dsmd 60 NY2d 586; Forcucci v Forcucci, 83 AD2d 169, 171; Wood v Wood, 119 Misc 2d 1076, 1079)” (Brennan v Brennan, 103 AD2d 48, 52; see, Capasso v Capasso, 119 AD2d 268; Wegman v Wegman, 123 AD2d 220). This "economic partnership” concept of marriage and the recognition of the value of "non-remunerated services” such as homemaking are exhibited in two important provisions in the statute: (1) that in making an equitable distribution the court shall *15 consider any "contributions and services as a spouse, parent * * * and homemaker” (§236 [B] [5] [d] [6]); and (2) that in determining the amount and duration of maintenance the court shall consider "contributions and services of the party seeking maintenance as a spouse, parent * * * and homemaker” (§ 236 [B] [6] [a] [8]).
For any court making an equitable distribution under the statute, the necessary starting point is the critical determination of what constitutes "marital property” — the designation of the particular assets which the court is to distribute equitably pursuant to section 236 (B) (5). The Legislature, in defining this basic term. "marital property”, we have held, intended that the term should be construed broadly in order to give effect to the "economic partnership” concept of the marriage relationship recognized in the statute (see, Majauskas v Majauskas, 61 NY2d 481, 489, 490). The term "separate property”, on the othér hand, which is described in the statute as an exception to marital property, we have stated, should be construed narrowly (Majauskas v Majauskas, supra, at p 489). These observations are of particular relevance here because the question óf whether Domestic Relations Law § 236 (B) (1) (d) (3) includes increases in value due to contributions or efforts of a spouse as parent and homemaker involves a determination of what should be excluded from separate property and, thereby, included in marital property. Thus, to effect the broad construction of the term "marital property” mandated by our holding in Majauskas v Majauskas (supra), it follows that the exclusion from separate property for increases in value due, in part, to contributions or efforts of the nontitled spouse (§ 236 [B] [1] [d] [3]) should be broadly construed. (See, Scheinkman, 1981 Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:4, 1986 Supp Pamphlet, p 205.)
With this background we turn to an analysis of the words of the statute, being guided by the accepted rules of construction that: (1) statutory language is generally given its natural and most obvious meaning (McKinney’s Cons Laws of NY, Book 1, Statutes § 94; see, Association of Contr. Plumbers v Contracting Plumbers Assn., 302 NY 495, 500); and (2) if there is nothing to indicate a contrary intent, terms of general import will ordinarily be given their full significance without limitation (McKinney’s Cons Laws of NY, Book 1, Statutes § 114; Matter of Board of St. Opening, 133 NY 329, 333-334). Here, the words "contributions or efforts” are used in the inclusive, *16 general sense and, if given their natural and obvious meaning, would comprise contributions and efforts of any nature, including those of a spouse as homemaker and parent. Section 236 (B) (1) (d) (3) contains no words of limitation, and there is nothing to suggest that the general terms "contributions or efforts” should not be given their full significance (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 114).
Giving the words "contributions or efforts” their natural and obvious meaning as general and comprehensive terms is consistent with a third established rule of construction: that a particular construction of a statute should be preferred which furthers the statute’s object, spirit and purpose (see, Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38, 39, supra; Matter of New York Post Corp. v Leibowitz, 2 NY2d 677, 685, 686; McKinney’s Cons Laws of NY, Book 1, Statutes § 96). Here, a broad construction of the terms "contributions or efforts” in section 236 (B) (1) (d) (3), as we have noted, results in enlarging the sum of marital property available for distribution and, thus, promotes the basic "economic partnership” concept of the statute.[2]
Defendant argues, however, that two other provisions in section 236 (B) support a limited interpretation of the terms "contributions or efforts” in section 236 (B) (1) (d) (3). He contends that because the Legislature has specified that a court should consider contributions and services as a spouse, parent and homemaker in making an equitable distribution of marital property (§ 236 [B] [5] [d] [6]) and in fixing the amount and duration of maintenance (§236 [B] [6] [a] [8]), it follows that the Legislature did not intend that a court should consider such contributions in determining whether an appreciation in separate property should be treated as marital property (§ 236 [B] [1] [d] [3])[3] (see, Jolis v Jolis, 98 AD2d 692). We find this argument unpersuasive.
*17 The purpose and function of section 236 (B) (1) (d) (3) are distinct from and not comparable to those of the two sections to which defendant refers (§ 236 [B] [5] [d] [6]; § 236 [B] [6] [a] [8]). In those sections, the Legislature has set forth precisely the several equitable considerations which must be weighed in making a distribution of marital property and in setting the amount and duration of maintenance. The specific mention of contributions and services of a spouse as parent and homemaker is consistent with the detailed enumeration of the equitable considerations contained in those sections. Section 236 (B) (1) (d) (3), on the other hand, is part of the definition of separate property. As we have noted, separate property, as an exception to the broader term of marital property, is to be narrowly construed. Giving the words "contributions or efforts” their natural and obvious meaning as general and inclusive terms results in expanding the extent of marital property and diminishing that of separate property. That result is entirely compatible with the legislative scheme of defining "marital property” broadly and "separate property” narrowly (see, Majauskas v Majauskas, supra, at pp 489-490). An enumeration of specific types of "contributions or efforts” in section 236 (B) (1) (d) (3) would be contrary to this statutory scheme. Thus, the fact that the Legislature did not mention services as a parent and homemaker is consistent with our reading of the section and does not support the limited construction urged by defendant.
Ill
We hold, therefore, that where separate property of one spouse has appreciated during the marriage and before execution of a separation agreement or commencement of a matrimonial proceeding and where such appreciation was "due in part” to the contributions or efforts of the nontitled spouse as parent and homemaker, the amount of that appreciation should be added to the sum of marital property for equitable distribution (§ 236 [B] [5]). Whether assistance of a nontitled *18 spouse, when indirect, can be said to have contributed "in part” to the appreciation of an asset depends primarily upon the nature of the asset and whether its appreciation was due in some measure to the time and efforts of the titled spouse. If such efforts, as allegedly is true of defendant’s interest in Unity, were aided and the time devoted to the enterprise made possible, at least in part, by the indirect contributions of the nontitled spouse, the appreciation should, to the extent it was produced by efforts of the titled spouse, be considered a product of the marital partnership and hence, marital property[4] (see, Nolan v Nolan, 107 AD2d 190, 193, where the court properly concluded that the indirect contributions of the wife as parent and homemaker entitled her to a share in the appreciation of securities which resulted, at least in part, from the time and effort that the titled spouse devoted to their management; see generally, Scheinkman, 1981 Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:4, 1986 Supp Pamphlet, p 205; Foster and Freed, Price v Price: The Price is Right?, NYLJ, Dec. 30, 1985, p 3, col 1; see also, Majauskas v Majauskas, supra, at p 492, holding that an incremental increase in the value of the titled spouse’s pension rights occurring during the marriage was the product of his continued employment and, should, therefore, be treated as marital property pursuant to the provisions pertaining to pension rights [Domestic Relations Law § 236 (B) (5) (d) (4)]). As a general rule, however, where the appreciation is not due, in any part, to the efforts of the titled spouse but to the efforts of others or to unrelated factors including inflation or other market forces, as in the case of a mutual fund, an investment in unimproved land, or in a work of art, the appreciation remains separate property, and the nontitled spouse has no claim to a share of the appreciation.
The question under section 236 (B) (1) (d) (3) as to indirect contributions of the nontitled spouse as parent and homemaker is whether there was an appreciation of separate property due to the efforts of the titled spouse during the period when it is shown that those efforts were being aided or facilitated in some way by these indirect contributions. If so, the amount of appreciation during that period is considered a *19 product of the marital partnership over which the trial court "retains the flexibility and discretion to structure [a] distributive award equitably” (O’Brien v O’Brien, 66 NY2d 576, 588, supra). The nature and measure of the services performed by the nontitled spouse as parent, and homemaker and the degree to which they may have indirectly contributed to the appreciation of separate property, are matters to be weighed and decided by the trial court — not in making this initial determination under section 236 (B) (1) (d) (3) — but in making its distribution of the appreciation as marital property under section 236 (B) (5).[5]
The certified question should be answered in the affirmative and the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander and Titone, concur; Judge Kaye taking no part.
Order affirmed, etc.

.We address only the specific question of law because the scope of our review does not extend beyond the certified question as it reads or is reasonably interpretable (Cohen and Karger, Powers of the New York Court of Appeals § 86, at 363 [rev ed]; see, Mohrmann v Kob, 291 NY 181, 190). We interpret the certified question here as referring to an appreciation which occurred "during the parties’ marriage and before the execution of a separation agreement or the commencement of a matrimonial action.”

.The New York State Assembly Memorandum in Support of Legislation confirms an interpretation of "contributions or efforts” in section 236 (B) (1) (d) (3) as including services of a spouse as parent and homemaker. The memorandum states in pertinent part: '(t]he exception with regard to the increment of value recognizes that a homemaker aids in making the spouse involved in business successful by permitting him/her the freedom and assistance to devote energy to financial endeavors”. (Bill Jacket tó L 1980, ch 281, at 2, reprinted in 11C Zett-Kaufman-Kraut, NY Civ Prac, Appendix B, at App B-3; emphasis added.)

.Defendant’s argument is essentially an application of the maxim "expressio unius est exclusio dlterius” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240) — that by mentioning certain things in a statute (i.e., *17 contributions or efforts) and omitting other things (i.e., specific contributions or efforts as parent and homemaker) the Legislature intended that the omitted items should be excluded. The maxim "is merely an aid to be utilized in ascertaining the meaning of a statute when its language is ambiguous, and should be applied to accomplish the legislative intention, not to defeat it.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, at 414.)

.As to the merits of plaintiffs claim to a share in the appreciation of Unity and whether she can assert a similar claim to any appreciation in the value of the corporation which holds title to Unity’s real estate, we express no view. These are matters of proof for the trial court on remand from the Appellate Division.

. Here we must disagree with the Appellate Division in its holding that this initial determination whether to treat the appreciation in separate property as marital property "will depend on a variety of factors including the length of the marriage, the relationship between the parties, [and] the type of services actually performed by the nontitled spouse” (113 AD2d 299, 306-307). In making this determination, the court is not concerned with evaluating the contributions or efforts of the nontitled spouse or with determining the extent, if any, of the appreciation due to those efforts. These and the other factors mentioned by the Appellate Division are appropriate considerations in making the equitable distribution of the appreciation as marital property (see, Domestic Relations Law § 236 [B] [5] [d] [2], [6], [10]).