■ FATTAH E. SHAHIDI, Appellant-Respondent, v ADELINE M. SHAHIDI, Respondent-Appellant.—In a matrimonial action, (1) the plaintiff husband appeals from so much of a judgment of the Supreme Court, Nassau County (Pittoni, J.H.O.), entered November 29, 1985, as (a) awarded the marital residence valued at $500,000 to the defendant wife, (b) awarded the defendant an aggregate of more than 50% of the marital

property, and (c) awarded the defendant maintenance in the amount of $475 per week, and (2) the defendant wife cross-appeals from so much of the same judgment as (a) awarded her only one third of the plaintiff's pension plans and bank accounts, (b) valued the plaintiff's medical practice at $50,000 and awarded her only 20% thereof, (c) determined that 670.4 shares of stock in International Business Machines held by the plaintiff were his separate property, and (d) denied her application for child support and educational expenses.

Ordered that the judgment is modified, on the law and the facts and in the exercise of discretion, by (1) striking the first decretal paragraph thereof and substituting therefor provisions (a) directing the sale of the marital residence located at 82 Second Street, Garden City, New York, and dividing the net proceeds from that sale equally between the parties, unless the defendant exercises an option, which shall run for a period of six months from the date of service upon her of a copy of this decision and order, with notice of entry, to purchase the plaintiff's equitable share of the marital residence for the amount of $250,000; and (b) adjusting the amount of the net proceeds to be received by each party from the sale of the marital premises or the option price to be paid by the defendant wife by one half of the amount of any mortgage payments made by the other party which became due on or after December 13, 1983, and which are not included in the tenth decretal paragraph; (2) adding a provision to the second decretal paragraph thereof awarding the defendant the amount of $15,677, representing one half of the equity in a cooperative apartment; (3) deleting from the fourth decretal paragraph thereof the terms "$71,673" and "$1,194.55", respectively, and substituting therefor "$107,509" and "$1,791.82", respectively; (4) deleting from the fifth decretal paragraph thereof the terms "$10,000" and "20%", respectively, and substituting therefor the terms "$25,000" and "50%", respectively; (5) deleting from the eighth decretal paragraph thereof all the references to the terms "$24,363" and "⅓", and deleting the words "one-third", and substituting therefor the terms "$36,544" and "½", respectively, and the words "one-half"; (6) (a) deleting from the eleventh decretal paragraph thereof the amount of "$475.00", and substituting therefor the amount of $400, and (b) adding a provision to the eleventh decretal paragraph thereof awarding the defendant $400 per week maintenance retroactive to December 13, 1983; (7) deleting from the thirteenth decretal paragraph thereof the word "maintenance"; (8) adding a provision granting the

plaintiff a credit of $8,582 for income taxes paid by him, to be deducted from the total amount of the distributive award of be paid to the defendant; and (9) adding a provision awarding the defendant the amount of $8,643, representing one half of the plaintiff's interests in various medical practices; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine (a) the amount of mortgage payments made by either of the parties which became due on or after December 13, 1983, and which are not included in the tenth decretal paragraph, and (b) the amount of arrears, if any, of the plaintiff's maintenance obligations retroactive to December 13, 1983.

In light of the testimony adduced, the trial court did not abuse its discretion in relying primarily upon the opinion of the defendant's expert witness and valuing the marital residence at $500,000 (see, Arvantides v Arvantides, 64 NY2d 1033). However, the circumstances do not warrant the court's award of exclusive ownership, possession and occupancy of the marital residence to the defendant. The couple's only child who was a minor at the time judgment was entered has since turned 21, and the defendant should be able to find adequate housing at a more appropriate cost (Cohen v Cohen, 104 AD2d 841, appeal dismissed 64 NY2d 773; Brundage v Brundage, 100 AD2d 887). Since she did express a desire to remain in the marital residence, the defendant shall be given the option of purchasing the plaintiff's equitable share of the value of the residence from him. If that option is not exercised within six months after service upon her of a copy of this decision and order, with notice of entry, the marital residence shall be sold forthwith and the net proceeds of the sale shall be equitably distributed between the parties.

As to the equitable distribution of the marital property, considering the income and the property of each of the parties; the fact that the parties, both of whom are middle aged, had been married for over 20 years; the award of maintenance involved; the financial and nonfinancial contributions made by both of the parties during the course of the marriage; the defendant's limited potential earning capacity; and the optimistic potential earning capacity of the plaintiff, and bearing in mind that equitable distribution does not mean equal distribution (Arvantides v Arvantides, supra) an award of 50% of the value of the marital property to each of the parties constitutes an equitable distribution of that property (see, Domestic Relations Law § 236 [B] [5] [c]).

The trial court erred in refusing to credit the plaintiff with the sum of $8,582, constituting one half of the State and Federal income taxes in the total amount of $17,164 which he paid after the date at which the marital property was valued, that is, the date the claim for equitable distribution was made. Those taxes accrued as a result of income earned by the parties prior to that date. That amount should have been deducted from the value of the marital assets before distribution (see, Kaltenbach v Kaltenbach, 121 AD2d 689).

The trial court did not abuse its discretion in awarding the defendant permanent maintenance (see, Domestic Relations Law § 236 [B] [6]; Bartal v Bartal, 117 AD2d 698). However, in fixing the amount of that award at $475 per week, the court took into account the amount the defendant would need to maintain the marital residence. Since the defendant could find adequate housing at a more appropriate cost, and in light of this court's distribution of the marital property, we exercise our discretion by reducing the award of permanent maintenance to $400 per week. That award shall be retroactive to the date of application therefor, December 13, 1983 (see, Domestic Relations Law § 236 [B] [6] [a]; Dooley v Dooley, 128 AD2d 669; Evangelista v Evangelista, 111 AD2d 904).

The trial court's determination that the 25 shares of stock in International Business Machines acquired by the plaintiff in 1962 were the plaintiff's separate property by virtue of the fact that they were acquired by gift (Domestic Relations Law § 236 [B] [1] [d] [1]) is not against the weight of the credible evidence and thus will not be disturbed. The court also correctly determined that the increase in the value of that stock during the course of the marriage was also separate property, since the appreciation in value was the result of factors which are not attributable to the efforts of either party and the defendant failed to establish a causal connection between her contributions to the marital relationship and the appreciation in the value of the stock (see, Domestic Relations Law § 236 [B] [1] [d] [3]; Price v Price, 113 AD2d 299, affd 69 NY2d 8; Conner v Conner, 97 AD2d 88, 99, n 4).

Finally, the record reveals that the defendant has sufficient funds to pay her own counsel fees. Thus, the trial court did not abuse its discretion in denying the defendant's request for counsel fees (see, Baynon v Baynon, 111 AD2d 733; Rodgers v Rodgers, 98 AD2d 386, appeal dismissed 62 NY2d 646).

We have considered the remaining contentions raised by the

defendant on her cross appeal and find them to be without merit. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.