■ ROSE M. ROMANO, Respondent, v JOSEPH L. ROMANO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Martin, J.), dated November 24, 1986, which, *inter alia,* after a nonjury trial, awarded the plaintiff wife maintenance, child support, and counsel fees, and directed the defen-

dant husband to pay the plaintiff wife a distributive award of marital property based on the value of the husband's business and pension.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by (1) adding to the third decretal paragraph thereof, after the words "$100 per week for five years" the words "or when she becomes employed, whichever is sooner"; (2) deleting the fifth decretal paragraph thereof and substituting therefor the following provision: "ADJUDGED and DECREED, that the defendant shall pay to the plaintiff the sum of thirty-five thousand seven hundred ($35,-700) dollars as her share of the husband's interest in the increase in the value of Berkley Beverage Distributors, Inc., payable in 72 monthly installments of $495.83, and it is further", and (3) deleting the seventh decretal paragraph thereof and substituting therefor the following provision: "ADJUDGED and DECREED, that the defendant shall pay the plaintiff or the plaintiff's attorney, SANDRA KOSS KURTZ, ESQ. the sum of $10,500 for counsel fees, and it is further"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to pay counsel fees is extended as follows: one half shall be payable within 90 days after service of a copy upon the defendant of this decision and order, with notice of entry, and the balance shall be payable within 60 days thereafter.

The court's finding that the husband owned 100% of Berkley Beverage Distributors, Inc., was against the weight of the evidence. Contrary to the court's analysis, the determination of the husband's percentage ownership of the business was not solely a matter of the parties' credibility, because the corporation's tax returns for the five-year period preceding the trial consistently indicated that the husband was only a 51% shareholder. Accordingly, only 51% of the appreciation of the business since the time of the marriage was marital property subject to equitable distribution, and the distributive award has been modified accordingly.

The court correctly found, however, that the marital home was the wife's separate property because it was a gift to her before the marriage and its appreciation in value was due to market forces (see, Domestic Relations Law § 236 [B] [1] [d] [1]; *Price v Price*, 69 NY2d 8, 11, 18).

In view of the nonliquidity of the husband's only significant asset, to wit, his shares of ownership in a close corporation, and the fact that it cannot be used as collateral, we have concluded that the distributive award and the award of coun-

sel fees must be paid in installments so that the husband can meet his other obligations under the judgment as well as his own reasonable living expenses.

Furthermore, it is clear from the record that the wife has marketable skills and may have been experiencing a merely temporary hiatus in her employment. Accordingly, the maintenance award should cease if she returns to work or has returned to work.

The defendant's remaining contentions are without merit (see, O'Brien v O'Brien, 66 NY2d 576, 589; Melone v Melone, 113 AD2d 745). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.