■ ROSE M. ROMANO, Respondent, v JOSEPH L. ROMANO, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated November 24, 1986, the defendant husband appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Delaney, J.), dated May 11, 1987, which, inter alia, granted that branch of the plaintiff wife's cross motion which was for an award of arrears in maintenance and child support in the amount of $13,300, and denied the defendant's motion for a new trial, (2) from a judgment of the same court, dated May 19, 1987, which is in favor of the plaintiff and against him in the amount of $13,300, and (3) from a judgment of the same court, dated August 24, 1987, which is in favor of the plaintiff and against him in the amount to $1,000 for counsel fees. The defendant's notice of appeal from so much of the order dated May 11, 1987, as granted that branch of the plaintiff wife's cross motion which was for an award of counsel fees in the amount of $1,000 is deemed a premature notice of appeal from the judgment dated August 24, 1987 (CPLR 5520 [c]).

Ordered that the appeal from so much of the order dated May 11, 1987, as awarded arrears in maintenance and child support of $13,300 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated May 11, 1987, is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated August 24, 1987, is reversed, on the law, without costs or disbursements, so much of the order dated May 11, 1987, as granted that branch of the plaintiff wife's cross motion which was for an award of counsel

fees in the amount of $1,000 is vacated, and that branch of the plaintiff's cross motion which was for an award of counsel fees is denied; and it is further,

Ordered that the judgment dated May 19, 1987, is reversed, on the law, without costs or disbursements, the provision of the order dated May 11, 1987, granting that branch of the plaintiff's cross motion which was for an award of arrears in maintenance and child support is vacated, and that branch of the cross motion is denied.

The appeal from so much of the intermediate order dated May 11, 1987, as awards $13,300 for arrears must be dismissed because the right of the direct appeal therefrom terminated with the entry of judgment thereon (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order as to arrears are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is uncontested that the husband made all support payments due under both the pendente lite order, effective February 22, 1985, and the successive order effective August 2, 1986. There are no arrears and the trial court's award of arrears in the amount of $13,300 must be vacated. In addition, Domestic Relations Law § 238, upon which the plaintiff's claim for counsel fees was predicated, has no applicability here since the payment the plaintiff sought to compel clearly was not required by any judgment or order. Moreover, this statute does not authorize an award of counsel fees for defending against the defendant's motion for a new trial of issues disposed of in the judgment of divorce because the issues raised on the motion do not pertain to arrears.

The other issues raised by the appellant on this appeal, including the trial court's denial of his motion for a new trial of certain equitable distribution issues, were determined by this court in Romano v Romano (133 AD2d 680), and cannot be relitigated on this appeal. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.