■ STEPHEN E. RIDER, JR., Appellant, v KAREN RIDER, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Bryant, J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered November 25, 1987 in Tompkins County, upon a decision of the court, without a jury.

The parties to this action were married in July 1982 and have one child, Chad, born in October 1983. The parties built a home on a plot of land deeded to plaintiff in his name in September 1984 by his parents. Construction had begun in June 1984. Construction was financed by loans of $4,000 and $9,300 obtained by the parties. The parties also contributed to the financing of the construction, and evidence indicates that defendant contributed $3,000, which constituted all of her wages and income for the four-month period commencing with the start of the construction of the marital home and ending upon the parties' separation. Additionally, both parties contributed their physical labor to the construction of the house.

The parties separated in October 1984 when defendant left the marital residence, taking the child with her. In November 1984 Family Court granted the parties joint custody of the child, with physical placement with defendant, and ordered plaintiff to pay child support. In March 1986 plaintiff commenced this action for divorce and defendant counterclaimed for, *inter alia,* equitable distribution, counsel fees and custody of the child.

Supreme Court found the realty deeded to plaintiff by his parents to constitute separate property but the improvements thereon, consisting of a partially completed dwelling, to be marital property. Supreme Court then set the value of the marital property at $13,200 by subtracting the appraised value of $4,800 on the unimproved lot from the appraised

value of $18,000[1] with the building on it. Supreme Court then determined that defendant's equitable share of the marital property amounted to $3,000 and entered judgment against plaintiff for that amount. Supreme Court also awarded counsel fees to defendant in the amount of $500. This appeal by plaintiff ensued.[2]

Where, as here, appreciation of separate property is the result of efforts by the titled spouse and those efforts have been facilitated by the contribution of the nontitled spouse, such appreciation constitutes marital property (see, Price v Price, 69 NY2d 8, 18). Defendant contributed not only as a spouse, parent and homemaker, but also as a wage earner, donating all of her wages and income from the time construction started to the time the parties separated. She also worked on the project and assisted plaintiff in obtaining funds on credit to finance the construction. Thus, the increase in value of the property was properly determined to be marital property.

Supreme Court, however, incorrectly valued the realty asset by not accounting for the balance still outstanding on the encumbrances thereon (see, Lischynsky v Lischynsky, 120 AD2d 824, 828). At the time this action was commenced, $2,800 was still owed on the personal loan and $8,000 was outstanding on the mortgage loan. The amount of these encumbrances should be deducted from the asset's value of $13,000. Thus, the net value of the marital asset is $2,500.

Further, in equitably distributing the marital asset, Supreme Court sought to return to defendant her $3,000 contribution to the financing of the house. However, this ignores the fact that this amount came from wages defendant earned during the marriage and, thus, were presumably marital property and not defendant's separate property (see, Domestic Relations Law § 236 [B] [1] [c]; Lischynsky v Lischynsky, supra, at 826). Thus, we must reverse and remit the matter for a redetermination of defendant's equitable share of the $2,500 marital asset.

Finally, we also conclude that Supreme Court did not err in awarding defendant counsel fees in the amount of $500.

1. The evidence actually valued the property at $18,100, not $18,000, which would result in the marital property being valued at $13,300.

2. Plaintiff contends that Supreme Court's order failed to correctly reflect its decision regarding child custody. Such a contention must be made by way of a motion to Supreme Court to resettle its order and may not be raised on this appeal.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.