■ STELLA MAHLAB, Respondent, v MEIR H. MAHLAB, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), dated July 20, 1987, as (1) awarded the plaintiff wife a divorce, (2) awarded the plaintiff exclusive occupancy, title and sole possession of the marital residence, and (3) ordered that he pay $100 per week in child support.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The trial court's finding of the defendant's cruel and inhuman treatment toward the plaintiff is supported in the record and we see no reason to overturn its granting of a divorce on that ground (see, Hessen v Hessen, 33 NY2d 406; Clarkson v Clarkson, 103 AD2d 964; Miller v Miller, 104 AD2d 1032; Domestic Relations Law § 170 [1]).

We find that the trial court's award to the plaintiff of the exclusive possession, title and sole occupancy of the marital residence was proper. A review of the record indicates that the money for the down payment, closing costs and mortgage payments for the house was provided by the plaintiff's father for the benefit of the plaintiff. The testimony established that the defendant was irresponsible with money and contributed little, if any, financial support to the marriage. Based upon the defendant's minimal contribution to the purchase and maintenance of the house (see, Lisetza v Lisetza, 135 AD2d 20; Barnes v Barnes, 106 AD2d 535), the trial court did not err in

awarding sole title to the marital residence to the wife *(see, Barnes v Barnes, supra).*

Although the trial court failed to specifically set forth its reasons for denying the defendant any distribution based on appreciation of the marital residence, the record is sufficient for this court to make a proper determination *(see, Blackman v Blackman,* 131 AD2d 801; *Rubin v Rubin,* 105 AD2d 736). The defendant did not directly or indirectly contribute to the appreciation of the property *(see, Price v Price,* 113 AD2d 299, *affd* 69 NY2d 8; *Billington v Billington,* 111 AD2d 203; *Borg v Borg,* 107 AD2d 777, *lv denied* 65 NY2d 606; *Rubin v Rubin,* 105 AD2d 736, *supra).* No proof of any contributions by the defendant was presented nor did the defendant even allege that he had contributed to the property's appreciation. His appraisal of the property, set forth in his appellate brief only, is dehors the original record and, in any event, is hearsay. It appears that the appreciation was "passive", that is, predicated solely on an improving real estate market. Thus, the trial court properly denied the defendant a share of the appreciation *(see, Price v Price, supra; Lisetza v Lisetza, supra; Brennan v Brennan,* 103 AD2d 48; *Conner v Conner,* 97 AD2d 88).

Finally, we find that the trial court was correct in ordering child support as to both children of the marriage. There is no evidence in the record to support the defendant's contention that the children were emancipated and that his obligation to support them pursuant to Family Court Act § 413 had terminated *(see, e.g., Matter of Roe v Doe,* 29 NY2d 188, 193; *Matter of Drago v Drago,* 138 AD2d 704; *Matter of McCarthy v Braiman,* 125 AD2d 572). Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.