JEAN McCANN, Plaintiff, v WARREN McCANN, Defendant.

Supreme Court, Suffolk County, March 17, 1989

### APPEARANCES OF COUNSEL

*Parola, Feuerstein & Gross* for plaintiff. *Taylor Walker* for defendant.

### OPINION OF THE COURT

H. PATRICK LEIS, J.

This opinion is issued in connection with the equitable distribution portion of the trial. A separate opinion has been issued concerning visitation, maintenance, support and counsel fees.

The issue presented is a novel one and concerns the question of whether or not the nontitled spouse seeking to share in

the appreciation of the titled spouse's separate real property must produce testimony to establish that a portion of the appreciation was directly attributable to the nontitled spouse's direct or indirect contributions.

The plaintiff and defendant were married on October 10, 1982. This action was commenced in April 1986. The plaintiff is 29 years old, the defendant is 36 years old and both are in good health. They have a child, Nicole, who was born in July 1984. The defendant works as a claim supervisor for the Kemper Group making $40,000 a year. The plaintiff works part time as a claims adjuster and is presently earning $12,000 a year.

The only substantial asset the parties have is a house owned by Mr. McCann which was purchased before the marriage. This house is clearly separate property. The plaintiff, however, seeks to share in a percentage of its appreciation which occurred during the course of their marriage. She also requests the court impose a constructive trust.

With respect to the constructive trust, it is the plaintiff's argument that the defendant's promise, during the course of their marriage, to transfer title of the house into their joint names has in effect established a constructive trust. Other than the plaintiff's statement that this was the defendant's intention, there is no other evidence supporting her assertions. The house was never transferred into the parties' joint names but remains in the name of the defendant and his former wife. This court does not credit Mrs. McCann's testimony in this regard and declines to impose a constructive trust.

The expert testimony adduced at the trial established that at the time of the marriage, in October 1982, the value of the house was $50,000. Testimony further established that at the time of this trial the value of the house was approximately $152,000. That was the extent of the expert testimony. In determining the equitable distribution of marital property resulting from an appreciation which occurred during the marriage, this court must consider: "[A]ny equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party" (Domestic Relations Law § 236 [B] [5] [d] [6]; *see, Ma-*

*jauskas v Majauskas,* 61 NY2d 481, 489-490; *Ryan v Ryan,* 123 AD2d 679, 681).

According to the plaintiff when the parties first married she was a claims adjuster for Prudential earning $17,500. The plaintiff contributed her earnings to the marital funds during the first two years of the marriage. When Nicole was born, the plaintiff stopped working and provided services as a homemaker, spouse and parent. Plaintiff also testified that during the course of their marriage the parties contributed, out of their joint earnings, approximately $18,000 to the improvement of the defendant's home.

The difficulty here is that the plaintiff has not called an expert to establish the percentage of appreciation attributable to her direct or indirect contributions. The court is left with the prospect of having to guess at the percentage of appreciation attributable to the plaintiff's direct or indirect contributions (if any exist), as opposed to the percentage attributable to passive or market forces.

If the appreciation in the house in question was due solely to market forces, having nothing to do with the direct or indirect contribution of either the plaintiff or the defendant, then the plaintiff would not be entitled to share in the appreciation. *(See, Price v Price,* 113 AD2d 299, *affd* 69 NY2d 8; *Shahidi v Shahidi,* 129 AD2d 627 [2d Dept]; *Mahlab v Mahlab,* 143 AD2d 116 [2d Dept].)

If, however, the appreciation in the value of the house was due to some acts or efforts of either plaintiff or defendant and the plaintiff can establish a causal connection between her direct or indirect contributions to the marital relationship or the appreciation in the value of the property, then she would be entitled to share in the appreciation.

Clearly, the plaintiff in this case had made indirect contributions as a homemaker, parent, and spouse along with direct contributions of her salary, during the first two years of the marriage. Absent, however, is any testimony establishing a causal connection between the plaintiff's direct or indirect contributions and the appreciation in the value of the house. There is simply no testimony establishing that the plaintiff's direct financial contributions were responsible for a portion of the appreciation in the value of the house or that the plaintiff's indirect contributions as a wife, homemaker and parent allowed the defendant the freedom to engage in certain activities which resulted in the appreciation of the house *(see, Price*

*v Price, supra; Romano v Romano,* 139 AD2d 979, 980 [2d Dept]).

Left in this position it would be inappropriate for this court to randomly select a percentage of the appreciation attributable to the plaintiff's direct or indirect contributions *(see, Josan v Josan,* 134 AD2d 486 [2d Dept]). Without any expert testimony to the contrary, it is more plausible that the appreciation was due to passive or market forces.

Although this court is powerless to grant the plaintiff a specific award, based on the lack of connection between the plaintiff's direct and indirect contributions and the appreciation in value of the defendant's separate real property, it can however return to the plaintiff a portion of the joint funds expended by the parties in connection with alleged improvements to the house. Although there is no testimony establishing that the $18,000 of joint funds put into the house resulted in $18,000 worth of appreciation, under the circumstances of this case, justice dictates that the plaintiff be given back one half of the funds expended. Although this is a marriage of short duration, the court feels that granting the plaintiff a 50% share of the funds contributed to the home during the marriage is proper. In view of the fact that there are no other marital assets to be distributed, the court feels that this award is necessary to allow plaintiff to adequately provide for herself and her daughter until the plaintiff can resume full-time employment. Due to the fact that the defendant's sole asset is the home in question and due to the fact that he has no source of cash or other assets, it is directed that this distributive award of $9,000 be paid to the plaintiff in monthly installments of $150 a month.