■ MARGARET A. SMITH, Appellant, v RALPH E. SMITH, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Fitzer, J.H.O.), dated February 8, 1989, as (1) directed her to pay the defendant husband a distributive award in the amount of $48,300, (2) made no award of periodic maintenance or child support, and (3) failed to order equitable distribution of the defendant husband's pension rights.

Ordered that the judgment is modified, on the law, by deleting the penultimate decretal paragraph thereof which provides that it is "Ordered, Adjudged and Decreed, that the plaintiff shall pay to the defendant within sixty (60) days the sum of $48,300"; as so modified, the judgment is affirmed, without costs or disbursements.

Although the trial court failed to specifically set forth its reasons for awarding the defendant one half of the appreciation of the plaintiff's separate property, the record is sufficient for this court to make a proper determination (see, Blackman v Blackman, 131 AD2d 801; Rubin v Rubin, 105 AD2d 736). The defendant offered no evidence demonstrating that the appreciation of the plaintiff's separate property was due in part to his direct or indirect efforts or contributions. Absent such evidence, it appears that the increase in value of the property was the result of market forces or other factors (see, Price v Price, 69 NY2d 8; Mahlab v Mahlab, 143 AD2d 116). Thus, the trial court improperly awarded the defendant a share in the appreciation.

The trial court failed to set forth the factors it considered or the reasons for its refusal to award maintenance or to direct the defendant to make periodic child support payments. How-

ever, the record as to these issues contains sufficient evidence for this court to exercise its authority to make findings of fact in accordance with the factors outlined in Domestic Relations Law § 236 (B) (6) (a) and (7) (a). At the time of the trial, 2 of the parties' 3 children were unemancipated. The youngest, aged 17, was scheduled to attend high school in Colorado for the 1987-1988 school year at a cost of $12,758. The parties stipulated that they would exercise joint custody and that the youngest child would reside with whichever parent he chose. Under these circumstances, the provision requiring the defendant to contribute $10,000 towards the child's tuition was adequate and no additional award for child support was warranted (see, Maloney v Maloney, 137 AD2d 666). The other unemancipated child, who attended school in Rochester, reached the age of 21 before the judgment of divorce was entered. Accordingly, the trial court correctly declined to order child support for him (see, Hirsch v Hirsch, 142 AD2d 138; Gallagher v Gallagher, 45 AD2d 724).

We discern no improvident exercise of discretion in the denial of maintenance to the plaintiff. The record discloses that defendant earns approximately $1,250 per month as an Episcopal parish priest, that he enjoys a monthly housing allowance of $467, a monthly car allowance of $167, a monthly travel allowance of $83, paid life insurance, and medical coverage for himself and his family. It also discloses that the plaintiff, whose separate assets far exceed those of defendant (see, Domestic Relations Law § 236 [B] [6] [a] [1]) enjoys a monthly income of $1,250 derived from a trust fund, and that in June 1986 she began to work as a real estate broker, generating commissions amounting to $2,200 for the period June 1986 to August 1987. Although the parties were married for a considerable length of time, and the plaintiff supported defendant at the outset of the marriage, and thereafter made significant financial and other contributions to the marriage (see, Domestic Relations Law § 236 [B] [6] [a] [2], [8]), there is no indication that the plaintiff had foregone educational or career opportunities because of the marriage (see, Domestic Relations Law § 236 [B] [6] [a] [5]). Moreover, the respective incomes of the parties at the time of the trial were roughly equal and the plaintiff's present and future earning capacity is at least equal to and may be greater than that of the defendant (see, Domestic Relations Law § 236 [B] [6] [a] [1], [3]). Under all the circumstances, it was not improper to decline to award the plaintiff maintenance.

We have considered the plaintiff's remaining contentions,

including the contention that, although no proof of value was offered at the trial, she is entitled to an award representing her interest in the defendant's pension, and find them to be without merit. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.