■ JACQUELINE ROBINSON, Respondent, v EDGAR ROBINSON, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered December 18, 1989, which, *inter alia,* awarded the plaintiff wife (1) $21,069.40 in support arrears, (2) $18,500 as her equitable share of the appreciated value of the defendant's condominium and (3) $44,797 in counsel fees, after a nonjury trial.

Ordered that the judgment is modified, on the law, by (1) deleting the fourth decretal paragraph thereof which directed the defendant husband to pay support arrears in the sum of $21,069.40 "less any and all credits for sums paid to date", and (2) deleting the tenth decretal paragraph thereof, which directed the defendant husband to pay "all outstanding medical, surgical, pharmaceutical, dental, and other health care expenses" of the plaintiff wife and the parties' two children; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff wife, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and determination as to the net amount of support arrears due and owing to the plaintiff wife and the amount of medical, surgical, pharmaceutical, dental and other health care expenses of the plaintiff wife and the parties' two children which were not reimbursed from other sources.

The plaintiff wife, a dentist, and the defendant husband, an engineer, were married on June 20, 1982. In December 1985 the plaintiff, while engaged in the practice of clinical dentistry, suffered a disabling injury to her neck, as a result of which she is unable to resume full-time practice as a clinical dentist. The record further establishes that in August of 1986 the plaintiff, who was then pregnant with the parties' second child, fled the marital residence with their elder son and sought refuge in a shelter for victims of domestic violence. At the time of trial, the plaintiff and the parties' children were residing at a welfare motel and were subsisting on the plaintiff's disability benefits and a court-ordered pendente lite support award of $450 per month.

At issue on appeal is the propriety of several provisions of the judgment of divorce which pertain to the defendant's financial obligations to the plaintiff. Following a bitterly contested bench trial, the court determined, *inter alia,* that the plaintiff was entitled to recover counsel fees in the sum of $44,797, a distributive award of $18,500 representing her equitable share of the appreciated value of the defendant's

condominium as well as $21,069.40 in support arrears "less any and all credits for sums paid to date". In addition to the foregoing, the court directed that the defendant pay the sum of $232.23 per week as child support and the sum of $105.95 per week as maintenance for a period of four years. The defendant was also directed to pay "all outstanding medical, surgical, pharmaceutical, dental and other health care expenses" incurred by the plaintiff and the parties' children.

With reference to the award of counsel fees, we find that the trial court did not improvidently exercise its discretion in requiring the defendant to pay the sum of $44,797 toward the plaintiff's counsel fees since the record establishes that the defendant is better equipped financially to bear the costs of the fees *(see, Hackett v Hackett,* 147 AD2d 611). The testimony adduced at trial reveals that the defendant was steadily employed and resided in a condominium while the plaintiff and the children languished in a welfare motel, subsisting on her disability benefits and the court-ordered pendente lite support award. The record, moreover, establishes that the defendant unnecessarily protracted the instant litigation, and as a result, was required to expend in excess of $70,000 for the cost of his own legal representation *(see, Brennan v Brennan,* 148 AD2d 487; *Rados v Rados,* 133 AD2d 536; *Schussler v Schussler,* 109 AD2d 875). Under the circumstances, the counsel fee award of $44,797 in favor of the plaintiff cannot be deemed unfair or excessive.

Although the defendant additionally contends that a hearing should have been conducted as to the items comprising the plaintiff's request for counsel fees, we note that this issue is not only unpreserved for appellate review *(see, Gross v Gross,* 160 AD2d 976; *Janousek v Janousek,* 108 AD2d 782; *Lynch v Lynch,* 97 AD2d 814), but is, in any event, devoid of merit since the plaintiff's attorney carefully documented each of the charges listed in his affirmation of services.

Equally unavailing is the defendant's contention that the trial court erroneously awarded the plaintiff the sum of $18,500, which represents the plaintiff's equitable share of the appreciated value of the defendant's condominium. Domestic Relations Law § 236 (B) (1) (d) (3) defines separate property as property acquired in exchange for or the increase in value of separate property *"except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse"* (emphasis supplied). The statute, therefore excludes from separate property any appreciation in the value of the separate property which is attributable, in some measure, to

the contributions or efforts of the nontitled spouse, whether those efforts are direct or indirect. Therefore, in determining the equitable distribution of property resulting from such appreciation, the court must consider "any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and home-maker, and to the career or career potential of the other party" (Domestic Relations Law § 236 [B] [5] [d] [6]; *see, Price v Price,* 69 NY2d 8; *Majauskas v Majauskas,* 61 NY2d 481; *Ryan v Ryan,* 123 AD2d 679).

With reference to the facts at bar, the defendant testified that he purchased the subject condominium approximately 3½ years prior to the marriage for the sum of $31,500. According to the appraisal figure listed in the defendant's 1988 application for mortgage refinancing, the value of the condominium had increased to $96,500, an appreciation of $65,000. The record establishes that the plaintiff, prior to the onset of her disability, was employed, full time, as a clinical dentist and that she made financial contributions to the household expenses, often turning over her entire paycheck to the defendant. In addition, the testimony adduced at trial reveals that the plaintiff, during the parties' 4½-year mar-riage, made significant and vital contributions as a home-maker, spouse and as the primary caretaker of the parties' infant children *(see, Mele v Mele,* 152 AD2d 685; *Rider v Rider,* 141 AD2d 1004; *Clerk v Clerk,* 132 AD2d 456). Unlike the situation in cases such as *Mahlab v Mahlab* (143 AD2d 116), *Lisetza v Lisetza* (135 AD2d 20), and *Romano v Romano* (133 AD2d 680), the record at bar sufficiently demonstrates that the plaintiff's monetary and nonmonetary contributions to the marriage and household justified the distributive award of $18,500 since the fruits of her labor, time and effort may be said to have contributed to the appreciation of the value of the defendant's condominium *(see, Price v Price, supra).* We also note that the amount awarded as the plaintiff's equitable share of the appreciated value of the condominium was based on a fair assessment of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), and need not be disturbed on appeal. Additionally, while Domestic Relations Law § 236 (B) (1) (b) permits the payment of distributive awards in install-ments, we note there is no need to modify the lump-sum award of $18,500 since the defendant has conceded that his equitable interest in the condominium exceeds this amount.

We find, however, that the provisions of the judgment which directed the defendant to pay (1) arrears in the sum of $21,069.40 "less any and all credits for sums paid to date" and (2) "all outstanding medical, surgical, pharmaceutical, dental and other health care expenses" of the plaintiff and the children must be deleted and that the issue of support arrears and outstanding medical expenses must be remitted to the Supreme Court for a hearing and determination as to the precise amounts that are due and owing (see, *Megally v Megally,* 142 AD2d 721; *Keehn v Keehn,* 137 AD2d 493; *Scheer v Scheer,* 130 AD2d 479).

We have examined the defendant's remaining contentions, including his challenge to the maintenance, child support and pension provisions, and find them to be without merit. Eiber, J. P., Sullivan and Miller, JJ., concur.

Balletta, J., concurs in part and dissents in part, with the following memorandum: The plaintiff acknowledges that the condominium in which the parties lived was purchased prior to the marriage by the defendant from his separate property. The residence was originally purchased for $31,500 and had risen to a value of $96,500 in approximately 10 years, according to an appraisal obtained in 1988 when a new mortgage was placed on the property. The majority agrees that the condominium is the separate property of the defendant but affirms the award to the wife of a distributive share of the appreciated value of the condominium. In my view, the Trial Judge erred, and the appreciated value is separate property and should not be subject to equitable distribution. Accordingly, I disagree with that portion of the majority's decision.

In *Price v Price* (69 NY2d 8), the Court of Appeals set forth the rules in evaluating whether a spouse's contributions are sufficient to warrant equitable distribution of the increase in value of separate property. The court held that where the increase in value of separate property is due in part to efforts or contributions of the spouse as homemaker and parent, the increase should be considered marital property (*Price v Price, supra,* at 17). However, the above rule is but the second prong of a two-prong test. The decision in *Price* goes on to state:

*"Whether assistance of a nontitled spouse, when indirect, can be said to have contributed 'in part' to the appreciation of an asset depends primarily upon the nature of the asset and whether its appreciation was due in some measure to the time and efforts of the titled spouse.* If such efforts, as allegedly is true of defendant's interest in Unity, were aided and the time

devoted to the enterprise made possible, at least in part, by the indirect contributions of the nontitled spouse, the appreciation should, to the extent it was produced by efforts of the titled spouse, be considered a product of the marital partnership and hence, marital property *(see, Nolan v Nolan,* 107 AD2d 190, 193, where the court properly concluded that the indirect contributions of the wife as parent and homemaker entitled her to a share in the appreciation of securities which resulted, at least in part, from the time and effort that the titled spouse devoted to their management)* * * *. As a general rule, however, where the appreciation is not due, in any part, to the efforts of the titled spouse but to the efforts of others or to unrelated factors including inflation or other market forces,* as in the case of a mutual fund, an investment in unimproved land, or in a work of art, *the appreciation remains separate property, and the nontitled spouse has no claim to a share of the appreciation.*

"The question under section 236 (B) (1) (d) (3) as to indirect contributions of the nontitled spouse as parent and homemaker is whether there was an appreciation of separate property due to the efforts of the *titled spouse* during the period when it is shown that those efforts were being aided or facilitated in some way by these indirect contributions. If so, the amount of appreciation during that period is considered a product of the marital partnership over which the trial court 'retains the flexibility and discretion to structure [a] distributive award equitably' *(O'Brien v O'Brien,* 66 NY2d 576, 588, *supra).* The nature and measure of the services performed by the nontitled spouse as parent and homemaker and the degree to which they may have indirectly contributed to the appreciation of separate property, are matters to be weighed and decided by the trial court—not in making this initial determination under section 236 (B) (1) (d) (3)—but in making its distribution of the appreciation as marital property under section 236 (B) (5)" *(Price v Price, supra,* at 17-19 [emphasis added]).

Under *Price,* therefore, whether the appreciation in property is to be deemed marital property is not so much determined by calculating the contributions of the nontitled spouse but, rather, it is determined by first calculating whether the titled spouse contributed to the appreciation of the property. Once the determination is made that the titled spouse contributed to the appreciation—and that market forces were not the sole cause—then the court determines the extent to which the nontitled spouse contributed to the appreciation. Accordingly,

the issue of the extent to which a nontitled spouse may share in the appreciation of separate property is reached only after a finding that the appreciation was a result of the efforts of the titled spouse *(see also, Rider v Rider,* 141 AD2d 1004, 1005).

It is clear that the Court of Appeals in *Price* was aware that passive assets can change in value without regard to the efforts of either party *(see, Shahidi v Shahidi,* 129 AD2d 627, 630; *McCann v McCann,* 142 Misc 2d 1083, 1085; *compare, DeMarco v DeMarco,* 143 AD2d 328, 331). This is particularly true of real estate, which fluctuates in a market dependent upon market forces. In the absence of improvements to the home or additions which enhance value, the change in valuation is dependent upon market forces over which the parties have no control.

Thus, where the appreciation in value of separate property simply reflected a general upturn in the real estate market, courts have declined to deem the appreciation marital property *(see, Smith v Smith,* 154 AD2d 365; *Mahlab v Mahlab,* 143 AD2d 116; *Lisetza v Lisetza,* 135 AD2d 20; *Romano v Romano,* 133 AD2d 680; *Barnes v Barnes,* 106 AD2d 535).

In the recent case of *Fitzgibbon v Fitzgibbon* (161 AD2d 619), the sole issue was whether the plaintiff husband was entitled to share in the increased value of the marital residence, which concededly was the defendant wife's separate property. The defendant contended that he had contributed to the property's appreciation in value by making virtually all of the mortgage payments himself, cosigning on a loan to refurbish and renovate the house, supervising the planning and renovation of the property, supervising the general maintenance of the property, managing the rental of the renovated garage, participating in the zoning process, and by being the sole breadwinner for the family during the marriage. He claimed that the property would not have appreciated without these contributions. The defendant wife's response was that his contributions were minimal and that the appreciation in value must be deemed separate property since it came about because of market forces. This court held that in order to obtain equitable distribution of the appreciation in value of the marital residence, the plaintiff was required to demonstrate the manner in which his contribution resulted in the increase in value and the amount of the increase which was attributable to his efforts. The plaintiff failed to sustain his burden, and the testimony of the defendant, a real estate professional, indicated that the appreciation in the value of

the property simply reflected a general upturn in the real estate market *(see also, Smith v Smith, supra)*.

Here, the arguments are similar. The plaintiff says that she contributed in part to mortgage payments and was a home-maker and that she is, therefore, entitled to a distributive share of the appreciated value. Her claim should be rejected. Mortgage payments and utility payments do not, in them-selves, increase the value of real property as do renovations or improvements. There is nothing in this case which would indicate that the plaintiff involved herself in property im-provements which would have enhanced the value of the property. Nor does her contribution as a working mother enhance the value of the property. Both parties worked to support the family and pay all household expenses, which included mortgage payments, both parties lived in the home, and both parties reared the children, but none of these fac-tors, either alone or cumulatively, had any effect whatsoever on the increased valuation of the defendant's separate prop-erty.

The case of *Ryan v Ryan* (123 AD2d 679), relied upon by the majority, is distinguishable from this case. In *Ryan,* the wife was awarded a share of the marital home when it was sold, even though the title to the property had been acquired by the husband before the marriage. However, the court may have been overly influenced by the wife having given the husband the money to make the down payment on the house and the closing of title only 29 days before the wedding. The wife apparently was supposed to attend the closing and title was supposed to be in both names, but because of her job, she was unable to attend and title was put in the husband's name only. Moreover, the wife apparently helped to make improve-ments to the property. These factors are not present in the instant case.

The plaintiff's claim in this case must fail since she has failed to meet either test set forth in *Price.* Not only did she fail to show that the appreciation in value was due to any-thing but market forces, but she also failed to establish any causal connection between her contributions to the marital relationship and the appreciation in value of the condomin-ium *(see, Shahidi v Shahidi,* 129 AD2d 627, 630, *supra).*

Accordingly, I would find that the appreciation in value of the condominium was the defendant's separate property.