■ GAIL STRICKLER, Appellant-Respondent, v FREDERIC MARSH, Respondent-Appellant. [668 NYS2d 621] —Judgment, Supreme Court, New York County (Sherry Klein Heitler, J., upon decision of Richard Andrias, J.), entered November 8, 1996, which, *inter alia*, awarded plaintiff a distribution of $30,000 as her equitable share of the increased value of defendant's cooperative apartment, directed plaintiff to pay $281,035 to defendant as reimbursement for the contribution of his separate assets toward the purchase of the marital home, and denied the parties' respective demands for attorneys' fees, unanimously affirmed, without costs.

Defendant purchased apartment 1701 with his separate funds prior to the marriage. Domestic Relations Law § 236 (B) (1) (d) (1) defines separate property narrowly as "property acquired before marriage", and commands that "[s]eparate property shall remain such" (Domestic Relations Law § 236 [B] [5] [b]; *Zelnik v Zelnik*, 169 AD2d 317, 332). Thus, apartment 1701 was properly found to be the separate property of defendant. However, the evidence also amply supported the trial court's conclusion that plaintiff contributed both directly and indirectly toward the increased value of the apartment and, accordingly, was entitled to equitable distribution of that increased value (Domestic Relations Law § 236 [B] [1] [d] [3]; *Price v Price*, 69 NY2d 8, 11). With respect to the distribution of the apartment's increased value, we perceive no error in the trial court's determination of either the valuation date or the respective distributive percentages of the parties given their respective contributions. We also perceive no error in the court's calculation of the credit granted defendant by reason of the contribution of his separate funds toward the purchase of the Arrowhead Road property (*see, Heine v Heine*, 176 AD2d 77, 84), reduced as the credit was by defendant's proportionate share of the obligation under the defaulted mortgage in accordance with the prior January 15, 1994 order of the IAS Court. Finally, the documentary evidence indicates that the $150,000 donated by defendant's parents was made as a gift to defendant alone.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Ellerin, J. P., Nardelli, Wallach and Mazzarelli, JJ.